PEOPLE ex rel. BOCH v. WALDO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. February 26, 1915.)

MUNICIPAL CORPORATIONS (§ 180*)—POLICE RULES—CONSTRUCTION.

    The rule of the New York police department which prohibits policemen from making presents, bestowing testimonials, collecting or receiving money, circulating subscription papers, or selling tickets without the permission of the police commissioner, must be reasonably construed, and not given a strict construction, which leads to a manifest absurdity.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 449-457, 466, 482; Dec. Dig. § 180.*]

    Thomas, J., dissenting.

Certiorari by the People, on the relation of Henry K. Boch, against Rhinelander Waldo, Police Commissioner of the City of New York, to review a conviction of relator of conduct unbecoming an officer. Writ sustained, and conviction annulled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, STAPLE-TON, and RICH, JJ.

Florence J. Sullivan, of New York City, for relator.

Edward A. Freshman, of Brooklyn (Thomas F. Magner, of Brooklyn, on the brief), for respondent.

RICH, J.   This is a proceeding by certiorari to review the conviction of the relator, a member of the police force of the city of New York, of conduct unbecoming an officer, and violation of the rules and regulations of said department, and fining him 15 days' pay.

Specifications accompanied the charges as follows: First, that the relator, while off duty, but in uniform, entered a family liquor store conducted by one Goldman, for purposes other than the discharge of police duty; second, that while in said liquor store the relator solicited said Goldman to put some slips advertising the candidacy of his (relator's) wife in an automobile contest being conducted by a public newspaper, in packages sent out to customers; third, that the relator entered the dry goods store of Mrs. C. F. Springer and informed an employé (Emma Herbet) that his wife was a candidate in such contest, and requested her to give any coupons that she did not want to use in said contest to his wife; fourth, that the relator entered the hardware store of one Tuthill, and requested him to give to relator's wife what was known as a voting coupon given to advertisers in the newspaper conducting said contest.   These acts are alleged to have been in violation of paragraph 50, rule 29, of the rules and regulations of the police department, which provides:

"Paragraph 50. Without the express permission of the police commissioner, members of the police force are forbidden to make presents, bestow testimonials, collect or receive money or anything else from citizens or others, circulate subscription papers or books, or sell tickets for any purpose."

The charges, so far as embraced in the specifications relating to the requests made of Herbet and Tuthill, are disproved by their testimony and have no support whatever.   Goldman testifies that the relator said:

" 'Mr. Goldman, my wife sent these papers over to you; would you be kind enough to put these in your parcels when you deliver them to your trade?' I said: 'I certainly will, Mr. Boch; why shouldn't I?   Mrs. Boch and my wife are very intimate with each other.'   He said: 'You will do that, will you?' I said: 'I will do that for Mrs. Boch.' "

The relator's recollection of the transaction differs from that of Goldman; but, conceding for the present that the transaction was as stated by him, I do not believe that the paragraph in question was intended to cover such a case.   Under a strict construction, a policeman would not be permitted to make a present to his wife or to his child, or to collect or receive money justly owing him, without first procuring the permission of the police commissioner.   The section ought not to be so absurdly construed or enforced, and it is not necessary that it should be in this case, because Goldman's version of the transaction is not supported by a fair preponderance of the evidence.   The conviction and imposed fine should not be permitted to stand.

Writ sustained, determination annulled, and fine remitted, with $50 costs and disbursements.

JENKS, P. J., and STAPLETON, J., concur. THOMAS, J., dissents. BURR, J., not voting.